**CR 15 268**



U.S. Department of Justice

United States Attorney
Eastern District of New York

EMN/ZA:RMT/DMP
F. #2015R00600

271 Cadman Plaza East
Brooklyn, New York 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 28 2015 ★

May 28, 2015

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**BROOKLYN OFFICE**

**COGAN, J.**

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**REYES, M.J.**

Re:  United States v. Muhanad Mahmoud al Farekh

Dear Clerk of Court and Judge Dearie:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case is presumptively related to United States v. Najibullah Zazi, No. 09 CR 663 (RJD) ("Zazi"), and United States v. Zarein Ahmedzay, et al., No. 10 CR 19 (RJD) ("Ahmedzay").

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related to Zazi and Ahmedzay because the facts of Farekh's case arise out of the same criminal schemes, transactions and events as charged in Zazi and Ahmedzay. Specifically, the indictment against Farekh charges him with conspiring to provide, attempting to provide, and providing material support to terrorists. Among Farekh's co-conspirators was

Ferid Imam, who (as alleged in the complaint against Farekh, No. 15-M-21) agreed with Farekh to travel from Canada to the Federally Administered Tribal Areas of Pakistan with the intention of training for violent jihad against U.S. military personnel operating in Afghanistan.

Imam is one of the charged defendants in Ahmedzay. In that case, Imam is charged, among other counts, with conspiring with Zazi and Ahmedzay to provide material support to a foreign terrorist organization, based in part of evidence from Zazi. Imam is also charged with providing material support to a foreign terrorist organization, receiving military-type training from a foreign terrorist organization, and using a destructive device. The material support charges against Imam in Ahmedzay relate to Farekh's conspiracy and attempt to travel from Canada to Pakistan for the purpose of providing material support to terrorists. In addition, the military-type training and destructive device charges against Imam in Ahmedzay also relate to Farekh's substantive provision of material support to terrorists. Thus, evidence of Imam's conduct, as well as Imam's interactions with Zazi and Ahmedzay, would be introduced at any trial against Farekh. As Farekh's case is thus presumptively related to Zazi and Ahmedzay, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By: *[signature]*

Zainab Ahmad
Richard M. Tucker
Douglas M. Pravda
Assistant U.S. Attorneys
718-254-7000

cc: Sean Maher, Esq. (via electronic mail)