UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :     **MEMORADUM DECISION**
         -against-                                             :     **& ORDER**
                                                               :
MUHANAD MAHMOUD AL FAREKH, also                                :     15-CR-268 (BMC)
known as "Abdullah al-Shami," "Abdallah al-                    :
Shami" and "Saif al-Shami"                                     :
                                                               :
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X

**COGAN, D.J.**

Defendant Muhanad Mahmoud Al-Farekh is currently awaiting trial on a number of charges relating to his use of a weapon of mass destruction against a U.S. military base in Afghanistan in January 2009, and his conspiracy, attempt, and provision of material support to terrorists and to the foreign terrorist organization al-Qaeda. Before me is the Government's motion for a protective order pursuant to both the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, §§ 1-16, and Federal Rule of Criminal Procedure 16(d)(1). In its classified submission, the Government seeks, in line with CIPA Section 4, to be relieved from its disclosure obligations as they relate to certain classified materials obtained during the Government's investigation. The Government requests that I authorize the substitution of classified summaries for classified source material which the Government believes may contain exculpatory and impeachment evidence that would otherwise have to be disclosed in accordance with the Government's obligations under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), and Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972).

Because of the sensitive nature of these materials, the Government's submission was filed *ex parte* and under seal. Defendant has opposed the *ex parte* nature of this submission and

has filed a motion seeking to have the materials disclosed to defense counsel who hold appropriate security clearances. In the alternative, defendant has asked the Court to require the Government to disclose its legal arguments in support of its Section 4 application, and/or provide defense counsel an opportunity to make an *ex parte* presentation to the Court providing information that would help the Court in evaluating the Government's Section 4 submission. See United States v. Mostafa, 992 F. Supp. 2d 335 (S.D.N.Y. 2014). The Government did not oppose defendant's request for an *ex parte* presentation to the Court.

I have reviewed the proposed materials *in camera*. I met with defendant's counsel *ex parte*, as requested, to listen to a presentation defendant's attorneys made about defenses that they anticipate raising in this action. I also met with the Government *ex parte, in camera*, to discuss certain questions I had after reviewing the proposed materials. As a result of this latter meeting, the Government made certain revisions to the proposed summaries.

Based on my review of the parties' submissions, my meetings with defense counsel and the Government, and for the reasons set forth below, I grant the Government's motion in its entirety and deny defendant's motion to disclose the underlying Section 4 materials.

## CIPA's Legal Framework

CIPA establishes procedures for handling classified information in criminal cases. The statute provides:

> The [district] court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. app. 3 § 4.

Section 4 presupposes a Government privilege against disclosing classified information. It does not itself create a privilege. See United States v. Aref, 533 F.3d 72 (2d Cir. 2008). Courts evaluating a Section 4 motion must first decide whether the classified information the Government possesses is discoverable. See id. at 80. To be helpful or material to the defense, evidence does not need to rise to a level that would trigger the Government's obligations under Brady. See United States v. Boulos, No. 13 Cr. 612, 2015 WL 502170, at *1 (E.D.N.Y. Feb. 3, 2015).

If it is discoverable material, the district court must next determine whether the state-secret privilege applies. The privilege applies if: "(1) there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010) (citing Aref, 533 F.3d at 80).

Finally, "[i]f the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense." Aref, 533 F.3d at 80. "'[I]n assessing the materiality of withheld information," a court "considers not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole.'" In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 125 (2d Cir. 2008) (citing United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)).

When the classified materials contain matter that is exculpatory or helpful to the defense, the Government's privilege must "give way" to a "defendant's right to present a meaningful defense." Abu-Jihaad, 630 F.3d at 141. A court, however, may permit the Government to

3

produce that information in a form that will preserve its sensitivity – such as summaries. See United States v. Zazi, No. 10 Cr. 60, 2011 WL 2532903 (E.D.N.Y. June 24, 2011). A court can authorize this substitution if it finds that the "[substituted] statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." Id. at *4; see also Abu-Jihaad, 603 F.3d at 140.

## Suitability of *Ex Parte* Proceedings

Defendant has also challenged the *ex parte* nature of these proceedings. Defendant concedes that Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure both authorize *ex parte* proceedings. See Abu-Jihaad, 630 F.3d at 143. However, he urges the Court to exercise its discretion to deny the Government's request to file its materials *ex parte*.

This argument is contrary to Second Circuit precedent and the practice of other courts within this district. See Abu-Jihaad, 630 F.3d at 143; Zazi, 2011 WL 2532903, at *3; United States v. Babafemi, 13 Cr. 109, 2014 WL 1515277, at *3 (E.D.N.Y. Apr. 18, 2014). As the Second Circuit has observed, "where the government moves to withhold classified information from the defense, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." Abu-Jihaad, 630 F.3d at 143.

## Discussion

First, I find that the Government's Section 4 submission was appropriately filed *ex parte* and under seal. Notwithstanding defendant's lawyers' security clearances, the very purpose of the *ex parte* filing would be defeated by their review of the materials contained within it. My review of the detailed, highly confidential materials confirms this. I did, however, accept defendant's lawyers offer to apprise me, *ex parte*, of their theory of the case and potential

4

defenses so that I could better understand what kind of material might be helpful to the defense and to help me determine the adequacy of the Government's proposed summaries.

Next, I find that the state secrets privilege has been properly invoked. See Aref, 533 F.3d at 78-79. Upon review of the Government's submission, it is obvious to me that there is a real and palpable danger that compelled production of the evidence "will expose . . . matters which, in the interest of national security, should not be divulged." Id. at 80. Additionally, the Government's submission includes declarations by each appropriate head of the department which has control over the material, asserting the privilege. See Abu-Jihaad, 630 F.3d at 140.

In light of the security concerns presented by the material, the Government has proposed the substitution of classified summaries for a significant amount of source material. I find that the source material which the Government seeks to summarize contains discoverable information. The Government, to its credit, has undertaken a rigorous review of the material and has applied a generous approach to whether material could be considered exculpatory or impeaching. It has properly worked to exclude materials that are duplicative or irrelevant.

I conclude that any information withheld from the summaries (which appears to be almost none) is not helpful to the defense, and consequently, substitution of the summaries does not impinge upon defendant's right to a fair trial. My review of the summaries proposed by the Government confirms that it has offered faithful and often verbatim summaries that disclose, in a streamlined fashion, all arguably relevant portions of the underlying material. I believe that the substituted documents retain whatever potential exculpatory or impeachment value the source materials possess. The Government's diligent efforts notwithstanding, I will note the difficulties faced by defendant in defending a case involving these types of materials. But I find that

5

providing these summaries to defendant's counsel satisfies the Government's discovery obligations while at the same time protecting national security.

## Conclusion

I therefore grant the Government's motion for a protective order pursuant to Section 4 of CIPA. The Government shall produce to defense counsel the summaries described in its submission forthwith.

**SO ORDERED.**

                                                              U.S.D.J.

Dated: Brooklyn, New York
         August 23, 2016