```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
        -against-                                                 :   **MEMORANDUM**
                                                                  :   **DECISION AND ORDER**
MUHANAD MAHMOUD AL FAREKH, also                                   :
    known as "Abdullah al-Shami," "Abdallah                       :   15-CR-268 (BMC)
    al-Shami," and "Saif al-Shami"                                :
                                                                  :
                                        Defendant.                :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is the Government's unopposed[1] motion for an anonymous jury in the trial of this matter. Specifically, the Government specifically requests that the names, addresses, and workplaces of members of the *venire* and *petit* juries not be revealed. The Government has also proposed the use of a jury questionnaire as a means of limiting the possible prejudice posed to defendant by use of an anonymous jury. Many courts, including this Court, have concluded that anonymous juries and the use of jury questionnaires are appropriate in terrorism cases. This case is no different, and for the reasons below, the Government's unopposed motion is granted.

Defendant, allegedly a member of al Qaeda, is charged with use of explosives; conspiracy to murder U.S. nationals; conspiracy to use a weapon of mass destruction; conspiracy to use a weapon of mass destruction by a U.S. national; conspiracy to bomb a U.S. government facility; conspiracy to provide, attempting to provide, and providing material support to terrorists; and conspiracy to provide, attempting to provide, and providing material support to al Qaeda.

---

[1] Defendant's time to oppose expired on June 14, 2017. See E.D.N.Y. Local Criminal Rule 49.1.

The district court has broad discretion to empanel an anonymous jury if the court, after consideration of the issue, "(a) conclud[es] that there is strong reason to believe the jury needs protection, and (b) tak[es] reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." United States v. Pica, 692 F.3d 79, 88 (2d Cir. 2012) (quoting United States v. Gotti, 459 F.3d 296, 345 (2d Cir. 2006)). As to the first Pica element, "[i]n determining whether there is a strong reason to believe that the jury needs protection, courts should consider several factors, including whether (1) the charges against the defendants are serious, (2) there is a substantial potential threat of corruption to the judicial process, and (3) considerable media coverage of the trial is anticipated." United States v. Al Fawwaz, 57 F. Supp. 3d 307, 309 (S.D.N.Y. 2014) (internal quotation marks omitted) (citing United States v. Quinones, 511 F.3d 289, 296 (2d Cir. 2007); United States v. Tomero, 486 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)).

"While it is unclear whether any of these factors individually justify impaneling an anonymous jury, there are numerous cases indicating that anonymity is appropriate when some combination of these factors is present." United States v. Pugh, 150 F. Supp. 3d 218, 222 (E.D.N.Y. 2015) (internal quotation marks omitted) (quoting United States v. Khan, 591 F. Supp. 2d 166, 169 (E.D.N.Y. 2008)).

After considering the considerations in Pica, I have concluded that the balance of the interests weighs in favor of empaneling an anonymous jury. Regarding the first element, whether there is a strong reason to believe that the jury needs protection, the Al Fawwaz factors have all been met. First, it is undisputed that defendant is charged with extremely serious crimes. Second, there is a substantial potential threat of corruption to the judicial process. Although the "mere incantation" of the words "terrorism," "terrorist," or "al Qaeda" are

insufficient alone to justify an anonymous jury, United States v. Mostafa, 7 F. Supp. 3d 334, 337 (S.D.N.Y. 2014), the specific charges in this case raise a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety." United States v. Stewart, 590 F.3d 93, 125 (2d Cir. 2008). If the jurors' identities are publicly available, they may experience fear of retaliation, either personally or to their families, from a member of al Qaeda or a member of another terrorist group. This fear could impact the jurors' abilities to adequately perform their duties and weighs in favor of an anonymous jury. See id. (noting that "the reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety").

Third, this trial is expected to generate considerable media coverage. Major newspapers and television networks reported on defendant's transfer to the United States for prosecution and the charges against him, and there is every indication that when this case goes to trial, it will generate a substantial amount of publicity. The Second Circuit has held on several occasions that the expectation of publicity at trial weighs in favor of anonymity to avoid the jurors' exposure "to inappropriate contacts that could compromise the trial." United States v. Paccione, 949 F.2d 1183, 1193 (2d Cir. 1991). An anonymous jury will lessen the concerns potential jurors would have about their service because they would be confident that they will not be exposed to media attention.

Thus, the satisfaction of all of the Al Fawwaz factors solidifies my conclusion "that there is strong reason to believe the jury needs protection." Pica, 692 F.3d at 88. The inquiry then continues to what "reasonable precautions" the Court can take "to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." Id. Although the empaneling of an anonymous jury presents the possibility of unfair prejudice to a defendant,

nonetheless, "the use of an anonymous jury does not infringe a defendant's constitutional rights, so long as the court conducts a careful *voir dire* designed to uncover any bias as to the issues or the defendant[] and takes care to give the jurors a plausible and nonprejudicial reason for not disclosing their identities." United States v. Aulicino, 44 F.3d 1102, 1116 (2d Cir. 1995). Accordingly, to protect defendant's rights, the *voir dire* will include the use of a jury questionnaire, as the Government has proposed and as this Court has previously used in the past. The jury questionnaire will give the parties ample information about the backgrounds and possible biases of potential jurors. Moreover, the jurors will be informed that the Court is empaneling an anonymous jury to protect their privacy due to heightened media interest in this case.

The Court grants the Government's motion for an anonymous jury and directs that the names, addresses, and workplaces of members of both the *venire* and the *petit jury* not be revealed to the parties. The parties have already been given the schedule for submitting the proposed jury questionnaire, in addition to the schedule for jury selection. See ECF Order dated February 23, 2017.

**SO ORDERED.**

						_____
									U.S.D.J.

Dated: Brooklyn, New York
		June 15, 2017