# RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000
973-746-1490 (FAX)

29 BROADWAY, SUITE 1412
NEW YORK, N.Y. 10006
212-608-7949

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com)   ◊   JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

REPLY TO MONTCLAIR OFFICE

September 10, 2017

Filed via ECF
Richard M. Tucker, A.U.S.A.
Douglas M. Pravda, A.U.S.A.
Saritha Komatireddy, A.U.S.A.
Alicia Cook, Trial Attorney

Re:   *United States v. Muhanad al Farekh*,
      15-cr-00268 (S2) (BMC)

Dear Counsel:

Now that we have received Jencks material, we write to request that the government provide notice specifying the nature of certain experts' opinions to be offered and the basis for those opinions. *See*, F. R. Crim. P. 16(a)(G), providing in pertinent part as follows:

> At the defendant's request, the government must give the defendant a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. . . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

As to proposed witnesses Evan Kohlmann, Lorenzo Vidino and Earl J. Gliem (or a substitute FBI fingerprint examiner), the government's disclosures to date do not comply with Rule 16 as quoted above. We do agree that the witnesses' qualifications have been provided.

A.   Messrs. Kohlmann and Vidino.

Nothing provided by the government in discovery or in the Jencks materials informs defense counsel about the opinions to be offered by the witnesses specific to this case. Instead, the government has provided transcripts of other trial testimony and general academic writing covering (in the case of Mr. Kohlmann especially) a broad range of topics. Unless a written summary of these witnesses' proposed

R<small>UHNKE</small> & B<small>ARRETT
A<small>TTORNEYS AT</small> L<small>AW

aL FAREKH PROSECUTION TEAM
September 10, 2017
Page 2

testimony, as it relates to this case, and otherwise complying with Rule 16 is provided forthwith, the defense will object to the witnesses testifying.

  B. <u>Fingerprint analysis</u>.

  While the government has provided an individualized report (GX-3500-EG-3) concerning the conclusions of the fingerprint examiner in this case, the government has not provided a basis for the conclusions arrived at by the examiner. Instead, the examiners' report, without more, states that the examiner utilized a self-described "subjective" technique known as friction ridge analysis and reached the conclusion that numerous latent prints could be identified with the defendant.

  The report itself notes that the standard for reaching such a conclusion is "the determination that two friction ridge points originated from the same source because there is sufficient quality and quantity of corresponding information." The report also notes a requirement that, "Analysis is documented by marking observed information in the latent print and is retained in the case file." No such documentation is contained within the report itself or in the government's trial exhibits.

  Unless the government submits a report complying with Rule 16, the defense will object to the witness testifying.

  Your attention to this request is appreciated.

          Very truly yours,
          /s/
          Sean M. Maher
          David A. Ruhnke
          Co-counsel to defendant