

U.S. Department of Justice

United States Attorney
Eastern District of New York

RMT/DMP/SK/AC
F.#2015R00600

271 Cadman Plaza East
Brooklyn, New York 11201

September 18, 2017

**By ECF**

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Muhanad Mahmoud al Farekh
             Criminal Docket No: 15-268 (S-2) (BMC)

Dear Judge Cogan:

      The government respectfully writes to respond to the defendant's letter, filed earlier today, seeking preclusion of expert opinion testimony on the process of radicalization. In response to the Court's comments today regarding the scope of such testimony, the government has narrowed the anticipated testimony regarding radicalization.

      Specifically, the government now anticipates that Dr. Vidino will provide limited testimony on radicalization in which he will briefly define radicalization, explain that there is no "profile" or commonly observed characteristics of an individual who may be susceptible to radicalization, and state that radicalization can occur in the absence of direct, personal contact with a terrorist organization. Dr. Vidino will not comment specifically on the defendant's radicalization, nor will he offer testimony that the defendant fits within any particular pattern of radicalization.

      Rather, the government will offer Dr. Vidino's testimony to educate the jury and to address any preconceived notions that may exist concerning radicalization, including dispelling any notion that there may be a "typical" profile of an individual who may be susceptible to radicalization.

      The government respectfully requests that the Court permit such limited testimony on radicalization pursuant to Federal Rule of Evidence 702.

In addition, the government also writes to respond to the defendant's request to preclude testimony from government witness Najibullah Zazi. Contrary to the defendant's factual assertions, the government anticipates that Zazi would identify a photograph of the defendant's co-conspirator Ferid Imam as Zazi's al-Qaeda military weapons trainer. Because such testimony is directly relevant to the conspiracy to provide material support to al-Qaeda, this potential testimony is not irrelevant, confusing, or a waste of time.

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motions.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/
Richard M. Tucker
Douglas M. Pravda
Saritha Komatireddy
Assistant U.S. Attorneys
(718) 254-6204/6268/6054

Alicia Cook
Trial Attorney
Counterterrorism Section

cc:    Clerk of Court (BMC) (by ECF)
       Defense counsel (by ECF)