

U.S. Department of Justice

United States Attorney
Eastern District of New York

RMT/DMP/SK/AC
F.#2015R00600

271 Cadman Plaza East
Brooklyn, New York 11201

February 28, 2018

By Hand and ECF

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Muhanad Mahmoud al Farekh
Criminal Docket No: 15-268 (S-2) (BMC)

Dear Judge Cogan:

The government respectfully submits this supplemental memorandum in advance of the March 7, 2018 sentencing in this matter to address certain of the defendant's arguments for leniency set forth in his February 26, 2018 submission. The government also writes, pursuant to the Court's individual practices, to advise the Court that the parties are prepared to proceed with sentencing as currently scheduled.

For the reasons set forth in the government's January 5, 2018 sentencing submission, and because the defendant's arguments and purported mitigating factors do not offset the severity of his criminal conduct, the Court should sentence the defendant to a term of life imprisonment.

In his sentencing submission, the defendant contends that the fact that "there were no deaths" in the January 2009 bombing attack he helped execute on Forward Operating Base Chapman is a mitigating factor. (Def. Mem. 7). He cites to the Sentencing Guideline provisions for assault as a more appropriate sentencing benchmark for evaluating the defendant's offense conduct. (Def. Mem. 7 n.1). The Court should flatly reject this argument. The defendant built a VBIED that, as the government's explosives expert testified, was designed to cause catastrophic damage and mass casualties over the entire radius of the base. That it was disabled before it detonated, thanks to the heroism of American soldiers and other base personnel, is not a mitigating factor.

The defendant's sentencing submission also cites to the defendant's "large and loving extended family" as a reason for the Court to impose a sentence below life imprisonment. (Def. Mem. 1). Wholly unaddressed in the defense submission, however, is the fact that the defendant already chose once to abandon his family for more than a decade so he could join al-Qaeda and plot the murder of U.S. soldiers. Accordingly, the fact that his family hopes to "reunite" with the defendant should afford the Court no comfort that the defendant will not seek to resume his criminal activities upon release.

Finally, the defendant cites to his conditions of confinement while in foreign custody and while in the United States as a reason he should receive a lesser sentence. Notably, the defendant makes no allegation that he was subject to mistreatment or torture by U.S. government personnel. See ECF No. 108 at 6-7. The fact that the defendant is subject to special administrative measures while in U.S. Bureau of Prisons custody stems from the threat he poses as a result of his having formerly held a leadership role in al-Qaeda's external operations group. In any event, his conditions of confinement during his brief period in foreign custody and in the custody of the U.S. Bureau of Prisons do not measurably offset the serious nature of the defendant's offense conduct or the danger he represents to the community if he is ever returned to liberty.

Accordingly, the government respectfully submits that the Court should sentence the defendant to a term of life imprisonment for his crimes.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Richard M. Tucker
Douglas M. Pravda
Saritha Komatireddy
Assistant U.S. Attorneys
(718) 254-6204/6268/6054

Alicia Cook
Trial Attorney
Counterterrorism Section

cc:    Clerk of Court (BMC) (by ECF)
       Defense counsel (by ECF)